## MOORE *v.* CLAGETT.

---

VARIANCE; NEGLIGENCE.

One suing for damages for injuries received through the breaking of a seat in a moving picture theater, who charges in his declaration that the proprietor negligently constructed and erected the seats and used defective material in their construction, but does not allege negligence generally, cannot invoke the rule of *res ipsa*

---

NOTE.—Authorities discussing the question as to whether pleading particular cause of injury is waiver of right to rely on *res ipsa loquitur* are collated in notes in 24 L.R.A.(N.S.) 788; L.R.A.1915F, 992.

*loquitur,* but is confined in his proof to the specific acts of neg-
ligence charged.    (Citing *Jaquette* v. *Capital Traction Co.* 34
App. D. C. 41; and *Sullivan* v. *Capital Traction Co.* 34 App. D. C.
358.)

No. 3167.   Submitted January 7, 1919.   Decided March 3, 1919.

HEARING on an appeal by the defendant from a judgment of
the Supreme Court of the District of Columbia, in an action of
negligence.                                        *Reversed.*

The COURT in the opinion stated the facts as follows:

Appellee, Curtis Clagett, plaintiff below, brought this action
to recover damages for injuries received through the breaking
of a seat in appellant's (Tom Moore), moving picture theater.
From a verdict and judgment in favor of plaintiff, defendant
appeals.

The declaration contains no general charge of negligence,
but negligence is specifically charged in that "the said defend-
ant had theretofore prepared a large number of seats and erect-
ed the same in his theater, as aforesaid, for the accommodation
of its patrons and persons attending the said theater, and in
erecting and constructing said seats, defendant (his agents and
servants) was guilty of gross carelessness and negligence, and
negligently constructed and erected said seats, and, with like
negligence, used and put into the construction of said seats, un-
sound and weak lumber, and which was not sufficiently strong
to bear the weight of persons who might be seated thereon."

There was no evidence whatever adduced in support of the
charge that defective material was used in the construction of
the seat.   Plaintiff was unable to state what caused the seat
to give way.   He proved that he purchased a ticket, entered the
theater and took a seat, and through a cause unknown to him
the seat broke, causing the injuries of which he complains.

At the conclusion of the taking of the evidence, counsel for
defendant moved the court to instruct a verdict for defendant
on the ground "that there was no evidence offered by the plain-

tiff to prove the acts of negligence charged in the plaintiff's declaration, and that there was a variance between the pleadings and the evidence." The court, in a rather indefinite charge based upon a prayer offered by counsel for plaintiff, submitted the case to the jury upon the theory of the duty imposed upon defendant to properly inspect the seats and furnish a safe place for his patrons, and also of the implied duty resting upon defendant "to furnish plaintiff with a reasonably safe place in which to witness the exhibition."

*Mr. Jackson H. Ralston* and *Mr. William E. Richardson* for the appellant.

*Mr. D. Edward Clarke,* for the appellee:

When the plaintiff purchased a ticket to the defendant's entertainment, an implied contract was entered into between the parties, by the terms of which the defendant agreed to furnish the plaintiff with a reasonably safe place in which to witness the exhibition for which he had paid his money. *Weiner* v. *Scherer,* 117 N. Y. Supp. 1008; *Schnitzer* v. *Phillips,* 95 N. Y. Supp. 478; *Redmond* v. *National Horse Show Asso.* 138 N. Y. Supp. 364; *Lusk* v. *Peck,* 116 N. Y. Supp. 1051, affirmed in 199 N. Y. 546, 93 N. E. 377; *Camp* v. *Wood,* 76 N. Y. 92; *Francis* v. *Cockrell,* L. R. 5 Q. B. 184; *Williams* v. *Mineral City Park Asso.* 128 Iowa, 32, 1 L.R.A.(N.S.) 427; *Branch* v. *Klatt,* 165 Mich. 666, 131 N. W. 107.

It was incumbent upon the defendant to make the place to be occupied by the spectators reasonably safe. *Currier* v. *Boston Music Hall Asso.* 135 Mass. 414; *Schofield* v. *Wood,* 170 Mass. 415, 49 N. E. 636; 1 Thomp. Neg. Secs. 995, 996; 29 Cyc. 453; Brackett, Theatrical Law, 117; Beall, Innkeepers, Hotels & Theaters, Sec. 322; *Nephler* v. *Woodward,* 200 Mo. 179, 98 S. W. 488; *Lusk* v. *Peck,* 116 N. Y. Supp. 1051, affirmed in 199 N. Y. 546, 93 N. E. 177.

It was the duty of the defendant, before inviting the public to occupy said premises, to make any and all reasonable

inspections and examinations that could have been readily and practicably made, which would have revealed the unsafe condition of the seat. *Goldstein* v. *Levy,* 132 N. Y. Supp. 373; *Lusk* v. *Peck,* 116 N. Y. Supp. 1051; *Schnitzer* v. *Phillips,* 95 N. Y. Supp. 478; *Glynn* v. *Lyceum Theatre Co.* 87 Conn. 237, 87 Atl. 796; *Turgeon* v. *Connecticut Co.* 84 Conn. 538, 80 Atl. 714; 29 Cyc. 472; 1 Thomp. Neg. 996; Brackett, Theatrical Law, 117–120.

The owner or occupier of a theater is liable to a person invited by him upon said premises when such person is injured by reason of their defective condition. Brackett, Theatrical Law, 116; *Camp* v. *Wood,* 76 N. Y. 92, 32 Am. Rep. 282; *Redmond* v. *National Horse Show Asso.* 138 N. Y. Supp. 364; *Branch* v. *Klatt,* 165 Mich. 666; *Barrett* v. *Lake Ontario Beach Imp. Co.* 174 N. Y. 310; *Hart* v. *Washington Park Club,* 157 Ill. 9, 29 L.R.A. 492; *Sebeck* v. *Plattdeutsche Volkfest Verein,* 64 N. J. L. 624, 50 L.R.A. 199, 1 Thomp. Neg. Secs. 996, 1154. It was not error for the court to refuse to direct a verdict 20 R. C. L. 187; *LaBee* v. *Sultan Logging Co.* 47 Wash. 57, 20 L.R.A.(N.S.) 405, 91 Pac. 560; *Anderson* v. *McCarthy Dry Goods Co.* 49 Wash. 398, 16 L.R.A.(N.S.) 391; *Green* v. *Seattle Athletic Club* (Wash.) 32 L.R.A.(N.S.) 713, 111 Pac. 157; *Weiner* v. *Scherer,* 117 N. Y. Supp. 1009; *Schnitzer* v. *Phillips,* 95 N. Y. Supp. 478; *Lusk* v. *Peck,* 116 N. Y. Supp. 1051; *Goldstein* v. *Levy,* 132 N. Y. Supp. 373; *Scott* v. *U. of M. Ath. Asso.* (Mich.) 17 L.R.A.(N.S.) 234, 116 N. W. 624; Brackett, Theatrical Law, pp. 117–120; 1 Jones, Ev. Sec. 181, p. 392; *Kohner* v. *Capital Traction Co.* 22 App. D. C. 181.

Plaintiff is not barred from relying on the doctrine of *res ipsa loquitur* by reason of having alleged that the seats were negligently constructed of unsound and weak lumber. *Walters* v. *Seattle, R. & S. R. Co.* 48 Wash. 233, 24 L.R.A.(N.S.) 788, 93 Pac. 419; *Lobb* v. *Seattle, R. & S. R. Co.* 48 Wash. 233, 93 Pac. 420; *Kluska* v. *Yeomans,* 54 Wash. 465, 132 Am. St. Rep. 1121, 103 Pac. 819; *McNeill* v. *Dunham & C. R. Co.* 103 N. C. 256, 41 S. E. 383; *Sutton* v. *Southern R. Co.* 82 S. C. 345, 64 S. E. 401; *Washington-Virginia R. Co.* v. *Bouknight,* 113

Va. 696, 75 S. E. 1032, Ann. Cas. 1913E, 546; *Biddle* v. *Riley,* (Ark.) 176 S. W. 134; *Waidlich* v. *Andros,* 182 Mich. 374, 148 N. W. 824; *Dearden* v. *San Pedro, L. A. & S. L. R. Co.* 33 Utah, 147, 93 Pac. 271; *Southern R. Co.* v. *Adams,* 52 Ind. App. 322, 100 N. E. 773; *North Chicago Street R. Co.* v. *Cotton,* 140 Ill. 486; *Chicago City R. Co.* v. *Carroll,* 206 Ill. 318, 68 N. E. 1087; *Cramblett* v. *C. & N. W. R. Co.* 82 Ill. App. 542; *Calumet Street R. Co.* v. *Jennings,* 83 Ill. App. 612; *Burdette* v. *Chicago Auditorium Asso.* 166 Ill. App. 186; *McDonough* v. *Boston Elev. R. Co.* 208 Mass. 436, 94 N. E. 809; *Cassady* v. *Old Colony Street R. Co.* 184 Mass. 156, 63 L.R.A. 285, 68 N. E. 10; *James* v. *Boston Elev. R. Co.* 204 Mass. 158, 90 N. E. 513; *Clearly* v. *Cavanaugh,* 219 Mass. 281, 106 N. E. 998; *Sullivan* v. *Rowe,* 194 Mass. 500, 80 N. E. 459; *McNamara* v. *Boston & M. R. Co.* 202 Mass. 491, 89 N. E. 131; *Roberts* v. *Sierra R. Co.* 14 Cal. App. 200, 111 Pac. 527; *Palmer Brick Co* v. *Chenall,* 119 Ga. 842, 47 S. E. 329; *Johnson* v. *Galveston, H. & N. R. Co.* 27 Tex. Civ. App. 616, 66 S. W. 906.

It is settled law that no variance shall be deemed material unless it be of a character to mislead the opposite party in maintaining his action or defense on the merits. *Nash* v. *Towne,* 5 Wall. 689, 18 L. ed. 527; *Standard Oil Co* ·. *Brown,* 31 App. D. C. 371, affirmed in 218 U. S. 178, 54 L. ed. 939; *Moses* v. *United States,* 166 U. S. 579, 41 L. ed. 1122; *Grayson* v. *Lynch,* 163 U. S. 468, 41 L. ed. 230; *B. & P. R. Co.* v. *Cumberland,* 176 U. S. 238, 44 L. ed. 447; *Willey* v. *Boston Elec. Co.* 168 Mass. 40, 37 L.R.A. 723; 31 Cyc. 701.

Mr. Justice Van Orsdel delivered the opinion of the Court:

The total failure to prove the specific charge of negligence is conceded, but it is sought to sustain the judgment by invoking the rule of *res ipsa loquitur.* Undoubtedly, under a proper declaration, the rule may be invoked in a case of this sort, and the proof here adduced was sufficient to raise the necessary presumption of negligence. But the variance between the charge

and the proof forbids its application here. The rule of *res ipsa loquitur* arises in a case where the accident is such that, in the ordinary course of events, it would not have happened except through the negligence of the defendant, and where the facts relating to the accident are peculiarly within his knowledge. In such a case, from the mere happening of the accident, a presumption of negligence arises, which, if not satisfactorily explained by the defendant, authorizes a recovery. *Sweeney* v. *Erving,* 228 U. S. 233, 240, 57 L. ed. 815, 818, 33 Sup. Ct. Rep. 416, Ann. Cas. 1914D, 905. It is within the election of the plaintiff to avail himself of the rule by merely alleging and proving the circumstances of his presence, the accident, and the injuries sustained. He may elect, however, to specifically allege in detail the circumstances which led to the accident and upon which the charge of negligence is based. But, by electing to take this course, he assumes the burden of establishing the negligence in the manner charged, and the rule of *res ipsa loquitur* is thereby banished from the case.

There is considerable conflict of authority as to the rule of pleading where the acts of negligence are such as to justify the pleader in invoking the rule of *res ipsa loquitur.* The weight of authority is that, when only specific acts of negligence are alleged, the proof must accord with the allegations, and the rule has no application. The reason for the rule is stated in *Roscoe* v. *Metropolitan Street R. Co.* 202 Mo. 576, 101 S. W. 32, as follows: "General allegations of negligence are permitted because plaintiff, not being familiar with the instrumentalities used, has no knowledge of the specific negligent act or acts occasioning the injury, and for a like reason the rule of presumptive negligence is indulged. But, if plaintiff by his petition is shown to be sufficiently advised of the exact negligent acts causing, or contributing to, his injury, as to plead them specifically, as in this case, then the reason or the doctrine of presumptive negligence has vanished. If he knows the negligent act, and he admits that he does so know it by his petition, then he must prove it, and, if he recovers, it must be upon the negligent acts pleaded and not otherwise." To the

same effect are *Chicago Union Traction Co.* v. *Leonard,* 126 Ill. App. 189; *Norton* v. *Galveston, H. & S. A. R. Co.* — Tex. Civ. App. —, 108 S. W. 1044; *Highland Ave. & B. R. Co.* v. *South,* 112 Ala. 642, 20 So. 1003; *Todd* v. *Missouri P. R. Co.* 126 Mo. App. 684, 105 S. W. 671; *Pierce* v. *Great Falls & C. R. Co.* 22 Mont. 445, 56 Pac. 867, 6 Am. Neg. Rep. 109.

Where the plaintiff in his declaration alleges the specific acts of negligence relied upon for recovery, and does not allege negligence generally, we have held that he is confined in his proof to the acts alleged. *Sullivan* v. *Capital Traction Co.* 34 App. D. C. 358; *Jaquette* v. *Capital Traction Co.* 34 App. D. C. 41, 25 L.R.A.(N.S.) 407. In such a case, he may not rely upon the presumption of negligence arising from the mere happening of the accident *Pistorio* v. *Washington R. & Electric Co.* 46 App. D. C. 479. Plaintiff, by the course pursued, charged one case and proved another. The variance is fatal. The correspondence between the charge and the proof is not such as will sustain the judgment.

The judgment is reversed, with costs, and the case is remanded for a new trial. *Reversed and remanded.*