## CHEVY CHASE DAIRY, Inc., v. MULLINEAUX.

### No. 5924.

Court of Appeals of the District of Columbia.
Decided May 28, 1934.

Stanley H. Fischer, Leroy S. Bendheim, and Norman Fischer, all of Washington, D. C., for appellant.

James A. O'Shea, John H. Burnett, and Alfred Goldstein, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

These appeals by the Chevy Chase Dairy, Incorporated, are from three judgments entered on verdicts for Otho Mullineaux and two of his children in the Supreme Court of the District of Columbia.

The cases grow out of the same occurrence and were consolidated for trial.

The father was a customer of the dairy company, hereafter called defendant, which delivered to his home on May 6, 1931, two quarts of bottled milk for consumption by him and his family.

The evidence tended to show that before

6 o'clock on that morning defendant's driver placed the two bottles containing the milk in a box provided by the defendant to receive them on the porch of plaintiff's house.

Shortly thereafter they were removed therefrom by a member of the family and placed in the ice box, whence one of these bottles was soon taken and shaken by Mrs. Mullineaux, the cap removed, and about half the contents poured into a thermos bottle for Mr. Mullineaux' lunch.

Two or three hours later the same bottle was again opened by Mrs. Mullineaux and parts of its contents poured into blue agateware cups for the children and upon some cereal for herself.

Before she finished eating her cereal she noticed particles of glass therein; and upon investigation also found particles in the cup of the little boy, the little girl having then finished her cocoa into which she had poured the milk.

Mrs. Mullineaux then telephoned her husband not to drink his milk, and, when he returned from work, they found additional particles of glass in his milk. The bottle in which the milk had been delivered to the plaintiff by the defendant was, on examination, found to be broken around its inner edge.

There was medical testimony that the children suffered from taking glass into their stomachs, and two pieces of glass were identified as having come from their stools.

The father drank none of the milk, but was given a verdict of $100 because of the damage to him by the injury to his children, while as next friend in their actions, he was awarded a verdict of $2,500 in respect of each child.

The defendant's testimony gave in much detail its successive steps in handling milk from the time of its receipt until its delivery to customers.

It described a routine of careful handling and continuous inspection of both milk and bottles; thereby denying the negligence alleged.

Error is assigned to the refusal of the trial court to direct a verdict for defendant, to its permitting the plaintiff to recall two witnesses after closing his case in chief and the overruling of defendant's first motion for a directed verdict, and to the granting of three of plaintiff's prayers for instructions.

The exception to the court's refusal to direct a verdict at the conclusion of plaintiffs' case was, of course, waived by defendant's introduction of testimony. Murray v. U. S., 53 App. D. C. 119, 288 F. 1008; W. B. Moses & Sons v. Lockwood, 54 App. D. C. 115, 295 F. 936.

While the court's denial of the similar motion at the conclusion of all the evidence was in accord with Gunning v. Cooley, 281 U. S. 94, 50 S. Ct. 231, 233, 74 L. Ed. 720, in which the Supreme Court said: "Where uncertainty as to the existence of negligence arises from a conflict in the testimony or because, the facts being undisputed, fair-minded men will honestly draw different conclusions from them, the question is not one of law but of fact to be settled by the jury. Richmond & Danville Railroad v. Powers, 149 U. S. 43, 45, 13 S. Ct. 748, 37 L. Ed. 642."

Permitting the plaintiff to recall two witnesses after concluding his case in chief was wholly within the discretion of the trial court. Central Nat. Bank v. Nat. Met. Bank, 31 App. D. C. 396, 17 L. R. A. (N. S.) 520; Pittsburgh Construction Co. v. Gannon, 46 App. D. C. 134; Consaul v. Cummings, 30 App. D. C. 540.

Only general exceptions were noted in the trial court to the plaintiff's instructions numbered 1 and 2, now specifically complained of here.

But in McDermott v. Severe, 202 U. S. 610, 26 S. Ct. 709, 713, 50 L. Ed. 1162, the Supreme Court said: "It has been too frequently held to require the extended citation of cases, that an exception of this general character will not cover specific objections which, in fairness to the court, ought to have been called to its attention, in order that, if necessary, it could correct or modify them."

To the same effect are Baltimore & P. R. Co. v. Mackey, 157 U. S. 86, 15 S. Ct. 491, 39 L. Ed. 624; Guerini Stone Co. v. P. J. Carlin Construction Co., 248 U. S. 348, 39 S. Ct. 102, 63 L. Ed. 275; Washington & O. D. R. Co. v. Slyder, 43 App. D. C. 100.

Nevertheless we have examined the objections urged in the brief against those instructions, and find them without merit.

The last assignment of error is to the granting of plaintiffs' prayer numbered 3, as modified by the court, which states that: "The jury are instructed that the negligence of defendant cannot be assumed; but that in view of the practical impossibility for one who buys a food product to know the conditions under which that particular bottle of milk was bottled, the law, in view of that difficulty, if a person is injured by a food product and he can show, by proper probative evi-

dence that he bought that food product in the original package or bottle in which it was put up by the defendant, and that in that original package or bottle was a substance which was harmful or injurious to the human body, and he shows that to the satisfaction of the jury, then a showing of such fact is evidence which the jury may consider in determining the question whether the defendant was negligent."

Two objections to that instruction are argued, first, that under the evidence as it stood the so-called "sealed package doctrine" did not apply; and, secondly, that the instruction amounted to telling the jury that they could presume negligence from the mere fact that the bottle was cracked, and glass was subsequently discovered in the milk.

But the declaration alleges, and the pleas admit, that the defendant was in the business of selling and delivering milk in bottles, and that it was its duty to sell and deliver it free from particles of glass.

The declaration further alleges that in disregard of the duty the defendant delivered to the plaintiff these bottles of milk containing particles of glass, while the pleas, recognizing the duty but denying the allegation, assert that the bottles as delivered contained no particles of glass.

The presence of broken glass in the bottle when delivered thus became a direct issue in the case, even though the pleas further asserted care and prudence in the preparation and dispensing of the milk.

Consequently, under these pleadings the main question for the jury to decide was whether the particles of glass were in the bottle when delivered or got there subsequently.

And it was in the light of evidence showing the defendant's handling of the milk before delivery and plaintiff's handling of it thereafter that the court gave the instruction in question.

He told the jury that negligence could not be assumed, but, if the glass was proven to have been in the bottle when delivered, that fact was evidence to be considered in deciding whether defendant was negligent or not.

The trial judge permitted no presumption as to how or when the glass got into the bottle, but told the jury that, if the plaintiff showed by evidence to their satisfaction that he bought the milk in the original bottle, which was later found to contain particles of broken glass, they could take into consideration such evidence in determining the alleged negligence of the defendant.

He could not have said less and covered his ground.

For negligence, like other controlling facts, may be inferred from circumstances duly proved, and this instruction correctly states the ground upon which the jury might make this inference in this case, while not in any sense requiring them to make it.

The judgment of the Supreme Court of the District of Columbia is affirmed, with costs, and the following cases are thought to support the conclusions of this opinion: Goldman & Freiman Bottling Company v. Sindell, 140 Md. 488, 117 A. 866; Pindell v. Rubenstein, 139 Md. 578, 115 A. 859; Strasburger v. Vogel, 103 Md. 90, 63 A. 202; Benedick v. Potts, 88 Md. 55, 40 A. 1067, 41 L. R. A. 478.

Affirmed.