## TODD v. COCA COLA BOTTLING CO. OF PUERTO RICO, Inc. et al.

### Civ. A. No. 5202.

United States District Court
D. Puerto Rico, San Juan Division.
Feb. 20, 1950.

Dubon & Ochoteco, San Juan, P. R., for plaintiff.

James R. Beverley, San Juan, P. R., for defendants.

CHAVEZ, District Judge.

This is an action for damages for personal injuries caused, as alleged, by noxious material in a Coca Cola bottle purchased by plaintiff and prepared by defendant bottler.

The case made for plaintiff was, in substance and effect, as stated in findings of fact. He is a young attorney who alleges purchase of a Coca Cola bottle from a refreshment and food establishment, that the cap was removed by the clerk who waited on him, that after drinking part of its contents he felt against his lips the presence of some foreign matter that developed to be a cockroach, that as a result he underwent physical pains and mental sufferings, and prays for damages in the sum of $5,000. Further allegations in the complaint state that defendant bottler prepared the product involved in the condition it came into plaintiff's possession, that it was covered by pub-

lic liability insurance with the other code-fendant, and that negligence was predicated upon lack of care in the preparation of an unwholesome refreshment beverage product.

Briefs were submitted in advance of the trial held on March 31, 1949. Plaintiff's case invoked the doctrine of res ipsa loquitur against the bottler, and when it concluded defendant moved for non-suit based on the following grounds:

a. Plaintiff had failed to show such continous control as would leave no reasonable opportunity for the container or contents to have been tampered with after leaving bottler's control.

b. Plaintiff had failed to show that defendant bottler had prepared the particular drink in question.

The question was discussed amply, and plaintiff finally asked for permission to re-open his case and offer additional evidence. When defendants objected, that issue was also discussed at length. Plaintiff asked for leave and time to file memorandum of authorities in support of his request as based upon the Court's discretion. This was granted, the case continued, and defendants were also allowed to file similar memorandum in opposition. On August 22, 1949 this Court denied defendants' motion for non-suit and entered an order permitting plaintiff to reopen his case for the purpose of introducing additional testimony.

The trial was resumed on January 26, 1950, when plaintiff completed his case on the identity of the manufacturer of the Coca Cola bottle in question and offered some additional testimony on the other issue raised by the defendants. Altogether, plaintiff offered no testimony showing negligence of defendant bottler in the preparation of the Coca Cola drink in question. He relied on the inference or presumption of negligence from finding a decomposed cockroach in the bottle contents, or, on the theory of res ipsa loquitur. Plaintiff himself, and an eye witness friend, testified as to the accident and its results; there was medical testimony on the mental illness; and the dealer from whom the bottle was purchased testified on the store arrangement, soda bottles deliveries and handling of merchandise in his establishment. He admitted that competitors of defendant bottler entered the storeroom unaccompanied, that the compartment was unlocked during daytime, and that five other persons employed in or connected with the business had access to all merchandise. These, incidentally, were not brought to the witness stand. He also admitted not being on the store premises when the accident occurred, and was very hazy as to how Coca Cola bottles were handled upon transfer from the storeroom to the refrigerator and upon delivery to customers. As to how the bottle herein involved was handled by the clerk, plaintiff's case was silent.

When plaintiff rested, defendants reproduced their motion for non-suit based on failure to show that neither bottler nor contents had not been tampered with after leaving bottler's possession. It is based on lack of positive testimony to negative that possibility in the storeroom where competitors had free access, in the refrigerator where any of five individuals may have handled it in a way on which the record is silent, and upon opening and delivery to plaintiff. Defendants rely upon application of res ipsa loquitur as in Coca Cola Bottling Works v. Sullivan, 178 Tenn. 405, 158 S.W.2d 721, 171 A.L.R. 1200, and Soter v. Griesedieck Western Brewery Co., 200 Okl. 302, 193 P.2d 575, 4 A.L.R.2d 458. Also, on Fisher v. Washington Coca Cola Bottling Works, 66 App.D.C. 7, 84 F.2d 261, 105 A.L.R. 1034. Plaintiff takes the position that there has been sufficient evidence.

Upon taking the issue under advisement, the motion for non-suit is granted and judgment should be rendered in favor of defendants. To that end, the following are entered:

### Findings of Fact

1. That Coca Cola Bottling Co. of P. R. Inc. is and has been the sole bottler and distributor in Puerto Rico of Coca Cola in bottles.

2. That Pedro Cruz owned on July 22, 1947 an establishment for retail sales of bot-

tled beverages, sandwiches, coffee and meals, located on the basement of the Capitol building in San Juan, P. R.; that its floor space was approximately 15 ft. x 12 ft., it had in front a counter about 4 ft. high with a loose (trap door) opening space in the middle for people to get in and out; it had a small triangular shaped storeroom on the southeast corner under an adjoining stairways with a door of some 2 ft. by 4 ft. size, which door remained opened and unlocked during daytime; and also had a Kelvinator refrigerator of 200 to 300 bottle capacity, 6 ft. long by 3½ ft. wide.

3. That Pedro Cruz had the concession for that business, his wife assisted in the meals business, his brother operated the enterprise, and had three additional employees, all of whom at one time or another attended customers and also had access to the storeroom.

4. That Pedro Cruz purchased for retail from defendant bottler Coca Cola in bottles and the latter made deliveries every other day in quantities of 5 to 10 cases; that for said deliveries the bottler's driver or employee would bring the cases into the establishment and place them inside the storeroom above mentioned; and upon such deliveries to the storeroom the Coca Cola bottles passed out of defendant bottler's control.

5. That other bottlers made similar deliveries by their attendants and drivers inside the storeroom, having access to storing and said compartment; during which sometimes there was an establishment employee present and at other times drivers would enter alone.

6. That the employees of Pedro Cruz and his brother would go freely into the storeroom to take therefrom bottled beverages as needed and place them in the refrigerator above described.

7. That Pedro Cruz was around the establishment most of the time and usually arrived between 7:00 and 8:00 A.M. and stayed until 4:30 to 5:00 P.M., but was not there when the accident occurred to plaintiff.

8. That various competitors of defendant bottler, as well as their employees and drivers had free access to the storeroom and to the refrigerator.

9. That when on the above date and at approximately 10:30 A.M. Carlos A. Todd and three friends went to said establishment to purchase bottled Coca Cola, an employee took one bottle from the refrigerator and gave it to him; that he drank part of its contents and found inside the remainder a dead cockroach with a white substance around; that he felt sick and went to see a doctor immediately; and the latter prescribed a sedative to quiet mental effect noted.

## CONCLUSIONS OF LAW

Upon the foregoing the Court makes and enters the following:

1. The doctrine of res ipsa loquitur is available in Puerto Rico to a plaintiff in these cases of foreign matter found inside bottled beverages. But its application in this jurisdiction should be under the reasonable and fair rule of the Sullivan case, supra, as follows [178 Penn. 405, 158 S.W. 2d 725]: "We, therefore, hold that, before the defendant may be charged with a presumption of negligence, on the ground that the bottle with its injurious contents was put out by the defendant, with the effect of shifting to the defendant the obligation of disproving negligence, there must not only be 'some' evidence (as here found by the Court of Appeals) that neither the bottle, nor its contents, had been tampered with, after it passed from the control of the defendant, but it must be made to appear, by a clear preponderance of the evidence, that there has been no such divided or intervening control of the bottle as to afford any reasonable opportunity for it or its contents to have been tampered with by another after it left the possession or control of the defendant or its agents."

2. Comparing the above rule with the findings of fact already stated, it is clear that plaintiff has failed to meet the test.

3. Judgment should be entered for the defendant.