CHINA DOLL RESTAURANT, INC.,
Appellant,

v.

Mary E. MacDONALD, Appellee.

No. 2945.

Municipal Court of Appeals for the District of Columbia.

Argued March 26, 1962.

Decided May 3, 1962.

Samuel Intrater, Washington, D. C., with whom Albert Brick, Washington, D. C., was on the brief, for appellant.

Howard A. Vogel, Washington, D. C., with whom Daniel T. Franklin, Washington, D. C., was on the brief, for appellee.

Before QUINN, Associate Judge, CAY-TON (Chief Judge, Retired) sitting by designation under Code § 11–776(b), and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

MYERS, Associate Judge.

A restaurant corporation appeals from a judgment upon a jury verdict in a tort action in favor of appellee, a customer, for damages for food poisoning allegedly sustained by her as a result of the "careless and negligent serving of food that was not fit for human consumption."

At the trial appellee testified that she went to the appellant restaurant with a friend where they ordered, among other things, won ton soup. Appellee complained to the waitress that "it didn't taste good," but she consumed half of it. Early the next morning she suffered pains and active nausea. Later a doctor was called who treated her, and when the symptoms still persisted after a week, he had her admitted to a hospital.

Her physician testified he first treated her for complaints of pain, nausea and a temperature of 99.5°. He saw her on several occasions thereafter and, because she continued to complain and in order to check for any organic disease, he had her hospitalized. Tests revealed nothing organically wrong.

The doctor stated that his diagnosis of food poisoning was based largely upon the history given him by appellee and her opinion that the soup had caused her to become ill. He admitted there are numerous conditions which cause the same symptoms as food poisoning.

Called as an adverse witness the restaurant manager testified that he supervised the kitchen and explained in detail how the won ton soup was prepared. He stated about fifty customers each day ordered this particular soup but that appellee's complaint, received months after the alleged date of consumption, was the only one presented.

For the restaurant, the cook who prepared the soup on the date in question testified that throughout his career as a cook no customer had ever complained or become ill from his soup.

Appellant argues that upon this evidence the trial court should not have submitted the case to the jury but should have directed a verdict in its favor.

■ The law imposes an obligation upon the dispenser of food and drink to the public to use ordinary care in their preparation and in preserving and keeping them in a wholesome condition, and unless there is. direct evidence of contamination or the presence of noxious foreign matter in the food,[1] negligence will not be imputed. Where such evidence is not present, then medical proof must be produced to establish a causal connection between the serving of the food and the illness—or circumstantial evidence of the unwholesome character of the food must be presented by showing that one or more customers, in addition to the complainant, ate the same food and became ill.[2] When such facts are developed from which an inference may be drawn that the food was tainted and caused the food

1. Campbell v. Safeway Stores, Inc., D.C. Mun.App., 149 A.2d 420; Washington Coca-Cola Bottling Works v. Kelly, D.C. Mun.App.. 40 A.2d 85.

2. Picard v. Smith, 59 App.D.C. 291, 40 F.2d 803; Lohse v. Coffey, D.C.Mun.App., 32 A.2d 258; Goodwin v. Misticos, 207 Miss. 361, 42 So.2d 397.

poisoning, then the case should be submitted to the jury.[3]

In the present case, there is a complete absence of any showing of a causal connection between appellee's illness and the food she consumed at the restaurant. The only scintilla of evidence that the won ton soup may have been tainted and responsible for appellee's illness was her testimony that "it didn't taste good." Nor does the testimony of appellee's physician fortify her position. It is not without significance that although the same soup was consumed by appellee's companion and by others on the same day, there was no evidence that any other customer complained of having become ill from it.

■ Appellant also cites as error the submission of the case to the jury on the doctrine of *res ipsa loquitur*. The Courts in this jurisdiction have long approved the rule that this doctrine may be invoked only where the pleader, because of the nature of the case, is not able to point out the specific act which caused the injury but the facts of the occurrence warrant the inference of negligence. Moore v. Clagett, 48 App. D.C. 410, 415. But where specific acts are alleged, the doctrine has no application. King v. Davis, 54 App.D.C. 239, 296 F. 986. See also Lindsey v. D. C. Transit Company, D.C.Mun.App., 140 A.2d 306, 308, and Loketch v. Capital Transit Company, 101 U.S.App.D.C. 287, 248 F.2d 609, 610.

In the case before us, the mere showing that appellee was served soup in the restaurant and several hours later became ill did not warrant the application of the doctrine so as to permit the jury to draw an inference of negligence or that the food served was in fact unfit for human consumption, for more than one inference was available as to the cause of appellee's illness.[4]

To establish liability appellee was required to prove negligence or offer evidence from which the jury could reasonably infer such negligence. This she failed to do and there was no case for jury consideration.

Reversed.

---

3. Chevy Chase Dairy v. Mullineaux, 63 App.D.C. 259, 71 F.2d 982; Lohse v. Coffey, supra; Goldman & Freiman Bottling Co. v. Sindell, 140 Md. 488, 117 A. 866.

4. Ash v. Childs Dining Hall Co., 231 Mass. 86, 120 N.E. 396, 4 A.L.R. 1556; Payton v. Lee, 88 Ga.App. 422, 77 S.E.2d 77; Goodwin v. Misticos, supra; Prosser on Torts, p. 222; 38 Am.Jur., Negligence, p. 976.