Marion CAMPBELL, Appellant,

v.

SAFEWAY STORES, INC., a corporation, Appellee.

No. 2298.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 24, 1958.

Decided March 20, 1959.

Thomas G. Laughlin, Washington, D. C., for appellant.

Cornelius H. Doherty, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant purchased a wedge of cheese at one of appellee's stores and a few days later while preparing the evening meal she was slicing pieces from the cheese and eating them. She noticed that one piece did not taste right and then observed a portion of a fly embedded in the cheese. She had cut down through the fly and had eaten a part of it. She continued to prepare the meal, but did not eat any of it because after about ten minutes she did not feel well, and shortly thereafter became nauseated and vomited and was ill to some degree for several weeks. She saw a doctor the day after eating the cheese and he treated her over a period of five weeks. The doctor did not have his record at trial, but testified that he "would probably" have called her illness toxic gastritis. A jury returned a verdict in appellant's favor but on motion of appellee the trial court set aside the verdict and directed entry of judgment for appellee.

■ The only question before us is whether appellant's evidence, viewed most favorably to her, as above summarized, warranted submission of her case to the jury. If it did then it was error to grant judgment n. o. v.

■ Appellee urges that the action of the trial court was correct, because, it says, there was no evidence to prove a causal connection between the consumption of a portion of a fly in the cheese and the stomach disturbance. It is true that the doctor did not testify that the ingestion of the fly caused or could have caused appellant's illness. In many situations where there is no direct evidence of contamination, medical proof is required to show a causal connection between the alleged contamination and the injury. For example, see Lohse v. Coffey, D.C.Mun.App., 32 A. 2d 258. But here there was direct and posi-

tive testimony that there was a dead fly embedded in the cheese. Medical testimony was not needed to establish that a piece of cheese with a fly embedded in it is not wholesome food. And where, as here, illness follows almost immediately after ingestion of unwholesome food or drink, it is generally held that a jury may properly infer that the illness was caused by the unwholesome food or drink just consumed. See Fisher v. Washington Coca-Cola Bottling Works, 66 App.D.C. 7, 84 F.2d 261, 105 A.L.R. 1034; Crystal Coca-Cola Bottling Co. v. Cathey, 83 Ariz. 163, 317 P.2d 1094; Patargias v. Coca-Cola Bottling Co., 332 Ill.App. 117, 74 N.E.2d 162; Ferguson v. Parr, La.App., 85 So.2d 117; Coca-Cola Bottling Works v. Catron, 186 Md. 156, 46 A.2d 303; Migliozzi v. Safeway Stores, Inc., 51 N.J.Super. 313, 144 A.2d 1; Smith v. Coca Cola Bottling Co., 152 Pa.Super. 445, 33 A.2d 488; Oklahoma Coca-Cola Bottling Co. v. Newton, 205 Okl. 360, 237 P.2d 627.

Appellee further argues that "if the condition of which she complained was a psychological reaction from the seeing of the fly, then there could be no recovery," citing our holding in Hamilton v. Pepsi Cola Bottling Co., D.C.Mun.App., 132 A.2d 500, appeal dismissed 102 U.S.App.D.C. 256, 252 F.2d 637, certiorari denied 356 U.S. 961, 78 S.Ct. 1000, 2 L.Ed.2d 1068. There, in a situation somewhat similar to the present one, we approved an instruction to the jury that if they found that plaintiff's illness was not due to drinking the contents of the bottle but was brought about solely by reason of a psychological reaction caused by the appearance of the contents, there could be no recovery. The jury there evidently found that the illness was not caused by consumption of the contents and denied recovery. However, in that case we, as well as the trial court, recognized that the jury could have found that consumption of the contents produced the injury. In the present case the record does not contain the instructions to the jury and we must assume they were properly instructed.

Our conclusion is that the case was properly submitted to the jury and the verdict must stand. We may add that we realize cases of this sort are difficult to defend and that the claimed injuries are subject to exaggeration. These matters, however, must be left to the good judgment and common sense of the jury. If the trial court is convinced in such a case that the verdict is against the weight of the evidence or is excessive the court may order either a new trial or a remittitur. In the present case the trial court was asked to do neither.

Reversed with instructions to reinstate the verdict and enter judgment thereon.