Geraldine BROWN, a minor, by Lillian G. Brown, Mother and Next Friend, and Lillian G. Brown, Appellants,

v.

Jeanne LUTZKY, t/a Columbia Drug Store, Appellee.

No. 2348.

Municipal Court of Appeals for the District of Columbia.

Argued March 23, 1959.

Decided Aug. 25, 1959.

Rehearing Denied Sept. 23, 1959.

John D. Fauntleroy, Washington, D. C., with whom Hubert B. Pair, Washington, D. C., was on the brief, for appellants.

E. Willard Hyde, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Suit was brought by appellant Lillian Brown in her own right and as next friend

of her minor daughter to recover for injuries sustained by the latter in appellee's drug store. The jury returned a verdict for appellants, but on appellee's motion for judgment n.o.v. the trial court set aside the verdict and entered judgment for appellee.

The 14 year old girl was injured when the door at the entrance of appellee's store caught and severed the tip of the little finger of her left hand. Describing the incident, she testified that she was going into the store to make a purchase. Another patron preceded her into the store and as the door swung back, while reaching for the handle, her attention was diverted by a call from her sister. The door closed catching her finger between the edge of the door and its frame. Appellants' evidence established that the door is of heavy plate glass construction and is equipped with a checking device or brake that retards the speed of the door in the course of its backward swing bringing it to a stop when it is in alignment with the jambs. Appellants alleged in their complaint that the checking device was defective because it permitted the door to swing beyond the proper stopping point. There is some evidence to support this although appellee's evidence sharply contradicts it.

The only question presented by the court's ruling in this appeal is whether appellants' evidence, viewed most favorably to them, warranted submission of the case to the jury. Campbell v. Safeway Stores, Inc., D.C.Mun.App., 149 A.2d 420.

The mere maintenance of a swinging door is not in itself an act of negligence. See Annotation 16 A.L.R.2d 1161, 1164. The burden was upon appellants to show not only that there was some defect in the checking device or brake, but also that this defective condition was the proximate cause of her injuries. The fact that the door did swing beyond its normal stopping point could constitute a negligent condition, but nowhere does it appear in the record that the injuries complained of were a proximate result of such negligence. Repeatedly, the girl testified that as she turned to look at her sister "the door came *back* on my finger." Testimony of this nature appears both in her own direct examination and in a portion of her deposition introduced in evidence by her attorney. Thus, her injuries were sustained by the door's backward swing from an open position to the normal stopping point and not in any area beyond the point when the door is flush with the jambs. As the door came back, she claimed she was attempting to push it in. Her injuries would appear to be the result of where she put her hand rather than the result of some defective condition of the door.

Affirmed.