John HARRISON and Idelle Harrison,
Appellants,

v.

CANADA DRY CORPORATION, Appellee.

No. 4280.

District of Columbia Court of Appeals.

Argued July 15, 1968.

Decided Sept. 23, 1968.

Norment Custis, Washington, D. C., for appellants.

William Clague, Washington, D. C., with whom Francis O'Brien, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

HOOD, Chief Judge:

This appeal is by a husband and wife from a directed verdict against them in their action against appellee for breach of an implied warranty that a bottled grape-fruit beverage manufactured by appellee was fit for human consumption.[1] We will refer to the husband as the appellant because the wife's action is dependent on that of the husband.

According to the agreed statement of proceedings and evidence, appellant testified he took the bottle from the case in which it was delivered, opened it and began to drink the contents. When he felt something hit his mouth, he held the bottle up to the light and saw that the remaining contents contained what looked like dead cockroaches. The "sight of the cockroaches or other offensive matter" made him immediately sick. He went outside and vomited. He came back in and continued to vomit. He felt sick and went to bed. A week later he went to a doctor who "gave him a shot and prescribed medicine." He continued to feel sick for about two weeks.

In Brown v. Potomac Electric Power Co., 236 F.Supp. 815, 820 (D.D.C.1964), Judge Spottswood W. Robinson, III (now a Judge of the United States Court of Appeals for the District of Columbia Circuit) said: "It has long been the rule in the District of Columbia that there can be no recovery for negligently caused mental disturbance or emotional distress, or any consequence thereof, which is not traceable to a substantial physical injury."

---

1. Appellants operated a small shop and they purchased the beverage directly from the manufacturer.

For the above proposition the judge cited numerous cases from this jurisdiction, including Hamilton v. Pepsi Cola Bottling Co., D.C.Mun.App., 132 A.2d 500 (1957), appeal dismissed, 102 U.S.App.D.C. 256, 252 F.2d 637 (1958), cert. denied, 356 U.S. 961, 78 S.Ct. 1000, 2 L.Ed.2d 1068. There, in a case similar to the present one, this court approved the trial court's action in instructing the jury that if plaintiff's illness (nausea and vomiting) was not caused by consumption of the contents of the bottle but resulted from her psychological reaction to the appearance of what was in the bottle, she was not entitled to recover. That case is controlling here.

Appellant's testimony was that the "sight" of the offensive matter in the bottle made him sick, and his sickness was spontaneous with his discovery of the foreign matter in the bottle. No analysis of the contents of the bottle was made; there was no evidence that the foreign matter was harmful to the human system;[2] and there was no evidence of the doctor's diagnosis of appellant's sickness, if a diagnosis was made on the occasion of the one visit to the doctor. The only reasonable conclusion to be drawn from appellant's testimony was that he suffered no substantial physical injury from drinking from the bottle and that his illness was the result of his psychological reaction to seeing what he thought was deleterious matter in the bottle. The trial court properly directed a verdict against him.

Appellant attempts to distinguish the *Hamilton* case by pointing out that it was one for negligence while the present one is for breach of implied warranty. This is not a sound distinction with respect to the question under consideration. Both actions were predicated on an alleged injury caused by consumption of unwholesome beverage.[3]

Affirmed.

---

2. The bottle with its partial contents was introduced in evidence. Examination of it convinces us that, unless the appearance has changed since trial, no one could with any reasonable certainty ascertain the nature of the solid particles in the liquid by merely looking at the contents.

3. See Sullivan v. H.P. Hood & Sons, 341 Mass. 216, 168 N.E.2d 80 (1960); Wheeler v. Balestri, 304 Mass. 257, 23 N.E.2d 132 (1939); Cushing Coca-Cola Bottling Co. v. Francis, 206 Okl. 553, 245 P.2d 84 (1952).