**George J. LAMELZA, Jr.**

v.

**BALLY'S PARK PLACE, INC.**

**Civ. A. No. 83–4051.**

United States District Court,
E.D. Pennsylvania.

Feb. 6, 1984.

Joseph L. Foley, Glenside, Pa., for plaintiff.

George E. Rahn, Jr., Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

This is a diversity action arising out of an incident that allegedly occurred on April 4, 1983 at Bally's Park Place Casino in Atlantic City, New Jersey. The plaintiff, George J. Lamelza, Jr., alleges in his amended complaint that Bally employees defamed him, served him a contaminated drink, and libeled him by circulating his picture to other casinos.

Defendant, Bally's Park Place, Inc., has filed a motion for summary judgment pursuant to Rule 56 of Federal Rules of Civil Procedure. For the reasons which follow, we grant the motion of the defendant for summary judgment.

To prevail upon a motion for summary judgment the moving party must conclusively demonstrate to the court's satisfaction that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law, Fed.R.Civ.P. 56(c), *Majors Furniture Mart, Inc. v. Castle Credit Corp., Inc.,* 602

F.2d 538, 539 (3d Cir.1979); *Drexel v. Union Prescription Center, Inc.*, 582 F.2d 781, 784 (3d Cir.1978). We must view the evidence in the light most favorable to the party opposing the motion. *Bishop v. Wood*, 426 U.S. 341, 347 n. 11, 96 S.Ct. 2074, 2079 n. 11, 48 L.Ed.2d 684 (1976); *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Drexel v. Union Prescription Centers, Inc., supra*, at 784.

It is clear in this case that there is no genuine issue of material fact.

The facts of the case can be summarized as follows:

Plaintiff contends that on April 4, 1983 he and his friend, Girard Molettiere, visited Bally's Park Place Casino in Atlantic City. They sat down at a blackjack table and began to play. After several hands the cards were shuffled, at which time another customer at the table questioned the dealer as to why the dealer cut the cards in an unfamiliar manner. The dealer replied that there was a "card counter" at the table and indicated in the direction of the plaintiff. The *customer* became abusive towards the plaintiff, and asked another unidentified Bally employee why "card counters" were allowed to play. The employee remarked "He's scum" and walked away. It was after this exchange that the plaintiff left this blackjack table, and went to a second table. At the second table nothing was said to the plaintiff, but because the cards were again cut in an unfamiliar way, the plaintiff decided to leave.

During the evening the plaintiff was served Coke that "allegedly tasted funny." Plaintiff states in his deposition that he experienced stomach pain much later in the evening. The pains disappeared by morning and he sought no medical attention.

The plaintiff alleges that on May 19, 1983, he was at the Claridge Hotel and Casino in Atlantic City. He contends that his photo was circulated to the Claridge by Bally's. He was supposedly verbally harassed by *Claridge* employees but he was allowed to play until he decided to leave.

■ Our first consideration must be what substantive law is to be applied to these facts. Since this is a diversity case, the choice of law principles of Pennsylvania are to be followed in selecting the appropriate substantive law. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

Pennsylvania uses a hybrid approach to conflict of law questions, requiring that a court decide which state, "has the greater interest in the application of its law...." *Cipolla v. Shaposka*, 439 Pa. 563, 566, 267 A.2d 854 (1970).

The jurisdictions to be considered on the defamation issue are Pennsylvania, the home state of the plaintiff and New Jersey, the state of defendant's principal place of business, and the place where the alleged defamatory remarks were made, and also the location of the alleged libelous circulation of the plaintiff's photo.

Given the nature of the remarks, "card counters" and "scum"; the fact of the extensive casino industry in Atlantic City and New Jersey's interest in it; the fact that the harm, if any, to the plaintiff was likely to be felt at the casino itself and the fact that this was an oral rather than a written publication, we hold that New Jersey law will apply to the facts of this case.

We are aware of the case of *Fitzpatrick v. Milky Way Productions, Inc.*, 537 F.Supp. 165 (E.D.Pa.1982), in which the court held that Pennsylvania, the state of that plaintiff's domicile generally has the greatest interest in vindicating plaintiff's good name and providing compensation for harm caused by the defamatory publication. That case can be distinguished from the case *sub judice* in that it concerned an item in a magazine of general circulation, and the plaintiff maintained that she suffered injury in Pennsylvania to her personal and professional reputations, as well as to her business interests and social contacts. *Id.* at 171.

Here, the only harm that could have come to the plaintiff is an alleged personal disinclination to keep playing blackjack,

and an alleged unpleasant exchange with another customer. The Pennsylvania interests that existed in the *Fitzpatrick* case are wholly lacking here.

■ Turning to New Jersey law on defamation, we find that plaintiff's claim is deficient in several respects.

"With respect to slander, as distinguished from libel, there are three categories of false statements which are generally deemed to be actionable per se, that is, without charge or proof of special damages, namely, words which (1) charge commission of a crime; (2) impute certain loathsome diseases and (3) affect a person in his business, trade, profession or office." *Gnapinsky v. Goldyn*, 23 N.J. 243, 128 A.2d 697, 701 (1957). The term "card counter" falls into none of these categories, and the plaintiff has stated in his Pretrial Memorandum that there are no special or compensatory damages in this case.

Likewise, the term "scum" is not actionable.

"The common law has long recognized that words of general abuse, regardless of how crude, uncouth or vexatious, unless defamatory within themselves, cannot serve as a basis for a defamation action in the absence of an allegation of special damages." *Dorney v. Dairymen's League Cooperative Ass'n.*, 149 F.Supp. 615 (D.N.J. 1957).

■ Plaintiff states that he is seeking punitive damages for allegedly being forced to leave the casino. Plaintiff cites *Uston v. Resorts International, Inc.*, 89 N.J. 163, 445 A.2d 370 (1982) and *Bartolo v. Boardwalk Regency Hotel*, 185 N.J.Super. 540, 449 A.2d 1343 (1982) as support for his claim.

The *Uston* case dealt with the issue of the denial of access to a casino to a card counter. There was no mention of punitive damages in the *Uston* case, and there are no facts alleged by plaintiff in his depositions that support a claim that the plaintiff was denied access to the casino. The facts as outlined in the depositions do not even suggest that the plaintiff was forced to leave the casino. It is clear that on April 4, 1983, nothing was said to the plaintiff after he moved from the first blackjack table. He left the second table and the casino of his own accord. Likewise, the May 19, 1983 incident, which took place not at the defendant casino but at the Claridge casino, gives no indication that the plaintiff was forced to leave. Indeed, on that date, plaintiff continued to play until he decided to leave.

In addition New Jersey courts permit the award of punitive damages only upon proof of "outrageous conduct." Restatement (Second) Torts § 908;[1] *Jaclyn Inc. v. Edison Bros. Stores, Inc.*, 170 N.J.Super. 334, 406 A.2d 474, 477, 492 (1979); *Leimgruber v. Claridge Association, Ltd.*, 73 N.J. 450, 375 A.2d 652, 654 (1977).

The alleged conduct of the Bally's employees can in no sense be considered outrageous.

■ Plaintiff alleges that defendant casino circulated a picture of the plaintiff to other casinos, yet plaintiff admits in his deposition that he has no evidence to support this claim. He admits he never saw the picture himself and his witness, Girard Molettiere, states that he is unsure if the picture he saw was of the plaintiff. Thus, there is no evidence that defendant circulated plaintiff's picture.

■ The allegation of plaintiff having been served a contaminated drink cannot

---

1. § 908. Punitive Damages
(1) Punitive damages are damages, other than compensatory or nominal damages, awarded against a person to punish him for his outrageous conduct and to deter him and others like him from similar conduct in the future.
(2) Punitive damages may be awarded for conduct that is outrageous, because of the

defendant's evil motive or his reckless indifference to the rights of others. In assessing punitive damages, the trier of fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause and the wealth of the defendant.

withstand defendant's motion for summary judgment. Plaintiff, in his amended complaint fails to allege any harm from having been served a "funny tasting Coke." Even if we could consider his deposition as amending the deficiency in his pleadings there is no way plaintiff can prove that the discomfort he experienced was the result of having been served a contaminated drink. He experienced no symptoms while at the casino, he allegedly experienced stomach pain later that evening but it disappeared by the next morning. He consulted no doctor and sought no medical aid, and can therefore present no proof that it was the alleged drink which caused his discomfort apart from any other food or drink he may have consumed that day.

We therefore grant the motion of the defendant for summary judgment.