Amelia B. ASUNCION, Appellant,

v.

COLUMBIA HOSPITAL FOR WOMEN,
et al., Appellees.

No. 85–628.

District of Columbia Court of Appeals.

Argued Feb. 25, 1986.
Decided Sept. 17, 1986.

John D. Grad, with whom Bernard J. DiMuro, Alexandria, Va., was on brief, for appellant.

Richard W. Boone, with whom Vicki J. Hunt, Washington, D.C., was on brief, for appellees.

Before FERREN, TERRY and ROGERS, Associate Judges.

FERREN, Associate Judge:

In this medical malpractice action, appellant alleges she suffered emotional distress, but no physical harm, when she saw passing from her vagina a bloody gauze pad which appellees, her doctors, had negligently failed to remove promptly after child birth. The trial court granted summary judgment because, in this jurisdiction, there is no recovery for negligent infliction of emotional distress, absent accompanying physical injury. Appellant argues: (1) this court should adopt the modern tort rule allowing recovery for negligently inflicted emotional distress unaccompanied by physical injury; (2) even under existing law, the minimal physical impact of the gauze was sufficient physical injury to justify recovery for related emotional distress; and (3) this case also presents a breach of contract action for which damages attributable to emotional distress should be recoverable. We affirm.

## I.

During the second trimester of her first pregnancy, appellant, Amelia Asuncion, entered into a written agreement with appellee, Columbia Hospital for Women. The Hospital agreed to provide appellant with the use of its facilities and with skilled, professional medical attention to prenatal, obstetrical, and post-natal care.

On February 19, 1981, appellant was admitted into the Hospital to give birth. Appellees, Doctors Jennifer Kilmer and Kathleen Grega, attended the safe delivery of a healthy baby girl that afternoon. The delivery, however, required use of a "low forceps" technique, resulting in extensive vaginal lacerations. To facilitate repair, appellant's vagina was packed with sterile gauze "sponge" material. Appellant apparently was unaware of the gauze packing and had not been told about it.

Two days later, while appellant was voiding, a quantity of the gauze passed from her body. Appellant claims the sight of the bloody gauze scared her so much that for months she was emotionally distraught

and feared what might happen in another pregnancy. As a result, she was unable to resume normal sexual relations with Mr. Chevitanon, the father of the child. Appellant and Chevitanon allegedly never resumed sexual relations and broke off their relationship two months after the child's birth.

Appellees do not specifically challenge these assertions, but they note that on June 9, 1981, four months after the birth of appellant's first child, she married a Mr. Mariano, with whom she admitted on deposition she had a normal and satisfying sexual relationship. Mariano fathered appellant's second child, born November 15, 1982. Moreover, appellant's own complaint acknowledges that, upon her discharge from the hospital, she had been told she could "resume normal activities."

Appellant brought this action against the Hospital and her attending physicians, alleging negligence and breach of contract in failing promptly to remove the gauze. Appellant claims only emotional injuries. Her one expert witness, Dr. Solan Edward Davis, III, testified at his deposition that the failure to remove the gauze had caused no physical harm but probably had caused some sort of mental and emotional distress.

Appellees moved for summary judgment. The trial court granted the motion because in this jurisdiction, in order to recover for negligent infliction of emotional harm, there must be an accompanying physical injury and appellant had alleged no such injury beyond the mere presence of the gauze. The court did not address appellant's claim for breach of contract. This appeal followed.

## II.

The trial court was correct in holding that, in this jurisdiction, "there can be no recovery for negligently caused emotional distress, mental disturbance, or any consequences thereof, where there has been no accompanying physical injury." *District of Columbia v. Smith*, 436 A.2d 1294, 1296

(D.C. 1981) (citing *Waldon v. Covington*, 415 A.2d 1070, 1076 (D.C. 1980)); *Gilper v. Kiamesha Concord, Inc.*, 302 A.2d 740, 745 (D.C. 1973) (citing *Harrison v. Canada Dry Corp.*, 245 A.2d 642 (D.C. 1968)); *Garber v. United States*, 188 U.S. App. D.C. 172, 173, 578 F.2d 414, 415 (1978); *Parrish v. United States*, 123 U.S. App. D.C. 149, 357 F.2d 828 (1966); *Perry v. Capital Traction Co.*, 59 App. D.C. 42, 44, 32 F.2d 938, 940, *cert. denied*, 280 U.S. 577, 50 S.Ct. 31, 74 L.Ed. 627 (1929).

Appellant argues, however, that under this rule minimal physical impact—in this case, the mere presence of the packing gauze—is sufficient "accompanying physical injury." She cites *Varga v. United States*, 314 F.Supp. 671 (E.D. Va. 1969), *aff'd*, 422 F.2d 1333 (4th Cir.1970); *Deutsch v. Shein*, 597 S.W.2d 141 (Ky. 1980); and *Zelinsky v. Chimics*, 196 Pa. Super, 312, 175 A.2d 351 (1961). None of these authorities, however, binds this court.

Although it is true that, in this jurisdiction, the physical injury need not be substantial to sustain a tort claim for negligent infliction of emotional distress, *Waldon*, 415 A.2d at 1076 n. 20 (citing *Garber* and *Parrish*), there nonetheless must be at least some physical injury. *Garber*, 188 U.S. App. D.C. at 173 n. 2, 578 F.2d at 415 n. 2; *Parrish*, 123 U.S. App. D.C. at 150, 357 F.2d at 829 (abandons distinction between substantial and insubstantial physical injury, but distinguishes "a case where no physical injuries of any kind were sustained").[1] Appellant has alleged absolutely no physical injury, and her own expert witness conceded that the failure to remove the gauze caused none. Accordingly, the trial court properly granted summary judgment on the negligence claim.

### III.

Appellant, alternatively, urges us to abolish the rule that premises a negligence claim for emotional distress on physical injury. She asks us to declare an actionable duty, at least for physicians, to refrain from negligently inflicting emotional distress. We are not at liberty to do so; only the en banc court, not a division, can overrule binding precedent. *M.A.P. v. Ryan*, 285 A.2d 310, 312 (D.C. 1971). We are aware, however, that some state courts in recent years have recognized such a duty. *E.g.*, *Molien v. Kaiser Foundation Hospitals*, 27 Cal.3d 916, 167 Cal.Rptr. 831, 616 P.2d 813 (1980) (en banc); *Rodrigues v. State*, 52 Hawaii 156, 174, 472 P.2d 509, 520 (1970); *Bass v. Nooney*, 646 S.W.2d 765 (Mo.1983) (en banc) (and cases cited therein at 772). Even if this court were to adopt the modern rule, however, summary judgment would be appropriate as to appellant's negligence claim.

For recovery under the modern rule, emotional distress must be genuine, serious, and foreseeable. More specifically, to be "genuine" the emotional distress must be "medically diagnosable" and "medically significant." *Bass*, 646 S.W.2d at 772–73 (hospital records and attending psychiatrists' testimony showed plaintiff suffered acute anxiety after being trapped in elevator). For the distress to be "serious" on the facts alleged here, a jury would

1. Even if we were to adopt a "minimal physical impact" rule, that would not solve the problem posed by the "physical injury" requirement. Courts require physical injury and/or impact to accompany emotional injury in order to ensure that the emotional damage is genuine. PROSSER, TORTS, § 54 at 331 (1971); *Molien v. Kaiser Foundation Hospitals*, 27 Cal.3d 916, 928, 167 Cal.Rptr. 831, 838, 616 P.2d 813, 820 (1980) (en banc). But this requirement of physical injury "is both overinclusive and underinclusive when viewed in the light of its purported purpose of screening false claims. It is overinclusive in permitting recovery for emotional distress when the suffering accompanies or results in any physical injury whatever, no matter how trivial.... More significantly, the classification is underinclusive because it mechanically denies court access to claims that may well be valid and could be proved if the plaintiffs were permitted to go to trial." *Id.*, The genuineness of the emotional injury is really a "matter of proof, and such matters should presumably be handled by rules addressed to proof." 3 HARPER, JAMES & GRAY, *Torts* § 18.4 at 697–99 (1986).

have to find that the sight of bloody gauze after a complicated childbirth, while initially shocking, could also cause a "reasonable [person], normally constituted," *Rodrigues*, 472 P.2d at 520, to fear pregnancy or to refrain from sexual relations for several months, even though she learned exactly what had happened and was told by a doctor, before she left the hospital, that she could resume normal activities.[2] Finally, for the distress to be "foreseeable," a jury would have to find that an "ordinary" reasonable person, *Molien*, 167 Cal.Rptr. at 834, 616 P.2d at 816, could respond as appellant allegedly did and that appellees, therefore, should have reasonably foreseen that their "conduct involved an unreasonable risk of causing" appellant's emotional distress. *Bass*, 646 S.W.2d at 772; *accord Rodrigues*, 472 P.2d at 521.

Appellant neither alleged nor proffered record evidence that her emotional distress was medically diagnosable and medically significant. That failure to allege an essential element of a claim under the modern tort rule is dispositive, even if the modern rule were available.

### IV.

■ Finally, appellant points out that this medical malpractice action presents not only a tort claim but also a breach of contract claim. Appellant recognizes that the traditional rule has been that mental anguish is not a compensable injury in a contract action. *See* 11 Williston, CONTRACTS § 1341 at 214 (1968); 5 Corbin, CONTRACTS § 1076 at 426 (1964). She argues that this court, however, should follow the modern trend in contract law (which mirrors the development of tort law) by allowing recovery of contract damages for emotional distress, without regard to physical

injury, " '[w]here the contractual duty or obligation is so coupled with matters of mental concern or solicitude, or with the feelings of the party to whom the duty is owed, that a breach of that duty will necessarily or reasonably result in mental anguish or suffering.' " *Taylor v. Baptist Medical Center, Inc.*, 400 So.2d 369, 374–75 (Ala. 1981) (citation omitted) (woman whose child was stillborn may recover damages for mental anguish from doctor who committed breach of "implied contract of care" by arriving at hospital ten minutes after delivery; *accord Stewart v. Rudner*, 349 Mich. 459, 470, 84 N.W.2d 816, 824 (1957) (woman whose child was stillborn may recover damages for mental suffering for breach of contract by doctor who had agreed, but failed, to perform Caesarean section); *see* 3 RESTATEMENT (SECOND) OF CONTRACTS § 353 (1979) ("Recovery for emotional disturbance will be excluded unless the breach also caused bodily harm or the contract or the breach is of such a kind that serious emotional disturbance was a particularly likely result" ).

■ Neither party has identified any binding authority in this jurisdiction speaking to the availability of damages for emotional injury in a contract action. Nor are we aware of any. *But see Pfeffer v. Ernst*, 82 A.2d 763, 764 (D.C.Mun.App. 1951) (dicta) ("as a general rule, damages for mental anguish suffered by reason of the breach [of contract] are not recoverable.")[3] Accordingly, *M.A.P.* does not preclude adopting the more modern contract damage rule appellant seeks.

We believe it would be inappropriate, however, for us to circumvent the policies underlying this jurisdiction's traditional tort rule by announcing that, as a matter of

---

**2.** The fact that appellant remarried four months after childbirth, admittedly had a satisfying sexual relationship, and eventually had a second child would also have a bearing on whether her emotional distress attributable to such activities was serious.

**3.** A breach of contract, however, may give rise to allegations of intentional, tortious infliction

of emotional distress. *See Howard University v. Best*, 484 A.2d 958 (D.C. 1984); *Sere v. Group Hospitalization, Inc.*, 443 A.2d 33 (D.C.), *cert. denied*, 459 U.S. 912, 103 S.Ct. 221, 74 L.Ed.2d 176 (1982); *Waldon v. Covington*, 415 A.2d 1070 (D.C. 1980); *see also Anderson v. Prease*, 445 A.2d 612 (D.C.1982) (per curiam).

contract law, negligent infliction of emotional distress, without accompanying physical injury, may be compensable in medical malpractice actions even though tort law would preclude recovery. Although contract and tort claims arising out of the same incident theoretically have different requirements of proof and assessments of damages, as well as different rules governing assignability of claims and periods of limitation, we have noted that, in professional malpractice cases, alleged negligence and breach of contract are typically premised on the same duty of care and, as a consequence, should typically lead to the same legal result. *See O'Neil v. Bergan,* 452 A.2d 337, 343 (D.C. 1982) (legal malpractice); *Ehrenhaft v. Malcolm Price, Inc.,* 483 A.2d 1192 (D.C. 1984) (architectural malpractice); *cf. Scoggins v. Jude,* 419 A.2d 999, 1005–06 & n. 7 (D.C.1980) ("when public policy bars a defendant from alleging that a plaintiff has assumed a risk, the very same conduct cannot give rise, through relabeling, to a defense of contributory negligence").

Adoption of the modern rule for contract actions, but not for tort actions, would treat emotionally injured individuals differently, depending upon the fortuity of whether the negligent, injurious conduct also violated a contract. Perhaps that is not altogether inappropriate. There may be situations in which recovery should be permitted for negligently inflicted emotional distress, unaccompanied by physical injury, when the parties are in privity but not otherwise. That, however, would not necessarily mean recovery should be allowed under a contract theory in a medical malpractice case, for example, when the plaintiff would not even be entitled to damages under the modern tort rule, let alone under the tort rule presently in effect in this jurisdiction. Without analyzing how appellant would come out under the modern contract rule, suffice it to say we are not inclined to adopt a contract rule applicable to a medical malpractice case in which a plaintiff—as appellant here—cannot prevail under the modern tort rule. We are simply

not prepared to go that far. Accordingly, we decline the invitation to adopt the modern contract rule on negligent infliction of emotional injury.

*Affirmed.*