Lena B. SOWELL and Perlow Sowell, Appellants,

v.

HYATT CORPORATION, Appellee.

No. 91–CV–1291.

District of Columbia Court of Appeals.

Submitted March 9, 1993.

Decided May 4, 1993.

---

Paris A. Artis, Hyattsville, MO, was on the brief for appellant.

Ralph G. Blasey and Leonard C. Greenebaum, Washington, DC, were on the brief for appellee.

Before ROGERS, Chief Judge, and FERREN and SULLIVAN, Associate Judges.

ROGERS, Chief Judge:

Appellants Lena Sowell and Perlow Sowell appeal from the grant of summary judgment on the ground that the trial judge erred as a matter of law in ruling that a plaintiff must show, in order to recover for emotional distress and resulting physical injury caused by a defendant's negligence and breach of warranty, that the distress was caused by a direct physical impact. We reverse.

## I.

On October 16, 1990, Lena B. Sowell and Perlow Sowell filed a complaint against the Hyatt Corporation alleging negligence and breach of warranty, for which they sought compensatory damages of $75,000, and loss of consortium as a result of an incident that occurred on November 4, 1988, when Lena Sowell had lunch at a restaurant in the Hyatt Regency Hotel. When she had nearly finished her lunch, she noticed what she claimed was a worm in a spoonful of rice that she was about to eat, and told her luncheon companions "I almost put a worm in my mouth from the rice." She was unable to say whether she had actually eaten any worms or portions of worms during her lunch, implying that although she did not eat the worm she saw on her spoon, there may have been other worms in the food she had already eaten. Mrs. Sowell vomited repeatedly shortly thereafter, and was treated by a doctor who prescribed some medication for her, and the following day put her under general anesthesia to examine her throat. The doctor, upon examination of Mrs. Sowell's throat, diagnosed "an esophageal tear." [1]

Appellee moved for summary judgment on the ground that the Sowells were barred from recovering damages solely for psychological reactions to foreign matter in food where Mrs. Sowell "sees, but does not consume, unwholesome food." Appellee maintained that under District of Columbia case law, a plaintiff was required to show a causal connection between consumption of the foreign matter and the alleged injuries, and that in the absence of any consumption there could be no such causal relation.[2] In appellee's opinion, *Williams v. Baker,* 572 A.2d 1062 (D.C.1990) (en banc), was factually distinguishable and based on a different legal theory of liability, namely negligent infliction of emotional distress, and left standing the decisions in *Hamilton v. Pepsi Cola Bottling Co. of Washington, supra* note 2, 132 A.2d at 503; *Campbell v. Safeway Stores, Inc., supra* note 2, 149 A.2d at 422; *Harrison v. Canada Dry Corp., supra* note 2, 245 A.2d at 643; and *Gilper v. Kiamesha Concord Inc., supra* note 2, 302 A.2d at 745. The Sowells opposed the motion on the ground that be-

---

**1.** The Sowells' pretrial statement averred that Mrs. Sowell "ultimately required an operation to repair damage to her throat from the constant vomiting," and continued to have an "adverse reaction to rice and certain foods that cause substantial recollection and psychological replay of the incident."

**2.** Appellee relied on *Gilper v. Kiamesha Concord, Inc.,* 302 A.2d 740, 745 (D.C.1973) (citation omitted); *Harrison v. Canada Dry Corp.,* 245 A.2d 642, 642–43 (D.C.1968); *Campbell v. Safeway Stores, Inc.,* 149 A.2d 420, 422 (D.C.1959); and *Hamilton v. Pepsi Cola Bottling Co. of Washington,* 132 A.2d 500, 503 (D.C.1957), *app. dismissed,* 102 U.S.App.D.C. 256, 252 F.2d 637 (1958), *cert. denied,* 356 U.S. 961, 78 S.Ct. 1000, 2 L.Ed.2d 1068 (1958).

cause the en banc court had abandoned the physical impact rule and adopted a zone of danger rule in *Williams v. Baker, supra,* 572 A.2d at 1067, the court had clearly eliminated the requirement that emotional or psychological distress flow from a physical injury. Further, the Sowells maintained that Mrs. Sowell was "directly involved in a tortious act" by appellee and there was nothing in that decision to suggest that adoption of the zone of danger rule was intended to be limited to emotional or psychological distress occasioned by witnessing harm to a third person. Finally, the Sowells pointed out that the physical manifestations and actual physical injury "clearly bring[ ] this case within that class of cases where the 'serious' and 'verifiable' nature of the emotional and psychological reaction eliminates the need for the proximate causation limitation designed to protect against feigned or trivial claims." The trial judge granted the motion by order on September 25, 1991.[3]

## II.

On appeal the Sowells contend that the trial judge erred in granting summary judgment to appellee in light of the holding and analysis by the en banc court in *Williams v. Baker, supra,* 572 A.2d 1062.[4] Mrs. Sowell admitted that she did not eat the worm she saw, and therefore, appellee maintains, she could not show the required physical impact. Appellees rely on a series of decisions by this court prior to *Williams v. Baker,* holding that plaintiffs who saw foreign objects in their food could recover if their subsequent illnesses were caused by eating the foreign objects, but not if the illnesses were caused by psychological reactions to seeing the foreign objects. *See* note 2, *supra.*[5] Our analysis is somewhat different.

First, the Sowells' complaint alleges that Mrs. Sowell "was served deleterious and unwholesome food by agents of the [appellee]" since the food was not free from foreign matter. To the extent that she had consumed food in which a worm had been found, Mrs. Sowell could show direct physical impact under pre-*Williams v. Baker* decisions. *See Gilper v. Kiamesha Concord, Inc., supra* note 2, 302 A.2d at 745 (presence of roach in salad is some evidence that salad plaintiff ate may have been tainted); *cf. Campbell v. Safeway Stores, Inc., supra* note 2, 149 A.2d at 422 (cheese with fly embedded in it was not wholesome food). Mrs. Sowell's claim that she saw a worm also could give rise to an inference that the rice contained other worms which Mrs. Sowell unknowingly consumed. One could infer, viewing the pleadings most favorably to the Sowells, that Mrs. Sowell's illness and esophageal tear were physically caused by ingesting

---

**3.** Appellee replied to appellant's opposition to the motion for summary judgment on September 30, 1991, after summary judgment had been granted (and mailed on September 27, 1991), arguing that neither the impact rule nor the zone of danger analysis is discussed in the cases on which appellee relies, and therefore *Williams v. Baker* is not applicable to and did not overrule those cases.

**4.** Our review of the grant of summary judgment is *de novo. Clay Properties v. Washington Post,* 604 A.2d 890, 893–94 (D.C.1992) (en banc); *Holland v. Hannan,* 456 A.2d 807, 814–15 (D.C. 1983); *Howard v. Riggs Nat'l Bank,* 432 A.2d 701, 703 n. 1 (D.C.1981); *Nader v. de Toledano,* 408 A.2d 31, 41–42 (D.C.1979), *cert. denied,* 444 U.S. 1078, 100 S.Ct. 1028, 62 L.Ed.2d 761 (1980). Summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the mov-

ing party is entitled to a judgment as a matter of law." Super.Ct.Civ.R. 56(c). If the pleadings would permit a reasonable factfinder to find in the non-moving party's favor, the motion for summary judgment must be denied and the issues left for trial. *See Clay Properties v. Washington Post, supra,* 604 A.2d at 893–94; *Nader v. de Toledano, supra,* 408 A.2d at 42.

**5.** *Cf. Garber v. United States,* 188 U.S.App.D.C. 172, 173, 578 F.2d 414, 415 (1978) (citations omitted). *Lamelza v. Bally's Park Place, Inc.,* 580 F.Supp. 445 (E.D.Pa.1984), cited by appellee, is inapposite because it merely held that under New Jersey law a plaintiff who consumed a beverage and felt ill, but did not consult a doctor, could not prove that it was the beverage, rather than "any other food or drink he may have consumed that day," which caused his illness. *Id.* at 448. The decision did not hold that a plaintiff cannot recover if he merely observes a foreign object rather than actually consuming it.

contaminated food. *See Gilper v. Kiamesha Concord, Inc., supra* note 2, 302 A.2d at 745–46 (jury question); *Harrison v. Canada Dry Corp., supra* note 2, 245 A.2d at 642–43;[6] *Hamilton v. Pepsi Cola Bottling Co., supra* note 2, 132 A.2d at 503–04.

Thus, the only question is whether the Sowells could also recover damages for injuries caused as a result of Mrs. Sowell seeing the worm in her rice. The holding and analysis in *Williams v. Baker, supra,* make clear that the en banc court overruled the line of cases on which appellee relies, *see* note 2, *supra,* insofar as they required plaintiffs to show direct physical impact as distinct from physical endangerment. *Williams v. Baker, supra,* 572 A.2d at 1064, 1066–67; *see also Jones v. Howard University, Inc.,* 589 A.2d 419, 421 (D.C. 1991); *Williams v. U.S. Elevator Corp.,* 287 U.S.App.D.C. 225, 228, 920 F.2d 1019, 1022 (1990) (applying D.C. law). In fact, the court in *Williams v. Baker* cited *Hamilton v. Pepsi Cola Bottling Co., supra* note 2, and *Gilper v. Kiamesha Concord, Inc., supra* note 2, in a footnote as examples of longstanding law of the District, which the court then explicitly rejected. *Williams v. Baker, supra,* 572 A.2d at 1066–67 & n. 11.[7]

The en banc court has decided that a plaintiff need not show that an actual physical impact occurred in order to recover for negligently caused emotional distress. The court stated that "[t]he tortfeasor owes a duty of care to all persons who are physically endangered by the tortfeasor's negligent act, regardless of whether actual impact occurs." *Williams v. Baker, supra,*

572 A.2d at 1067. Rejecting the actual physical impact test, the court adopted a zone of danger approach. In so doing the court stated that:

> if the plaintiff was in the zone of physical danger and was caused by defendant's negligence to fear for his or her own safety, the plaintiff may recover for negligent infliction of serious emotional distress and any resultant physical injury, regardless of whether plaintiff experienced a physical impact as a direct result of defendant's negligence.

*Id.* at 1067.

Although the issue arose in the context of a claim for the negligent infliction of emotional distress caused by harm to a third person, the en banc court in *Williams v. Baker* made a general statement about the requirements for recovery for emotional harm and resultant physical injury caused by a defendant's negligence.[8] *Id.* at 1064–68. This standard applies in the instant case even though the Sowells sue for negligence and breach of warranty rather than negligent infliction of emotional distress. Negligent infliction of emotional distress is a type of negligence, and there is no distinction between the law applicable to claims for negligence and breach of warranty where both are based on an "alleged injury caused by consumption of unwholesome [food]." *Harrison v. Canada Dry Corp., supra* note 2, 245 A.2d at 643. There is nothing in the analysis of the decisions on which appellee relies to suggest that the court was applying anything other than a very restrictive physical impact rule,[9] and that rule was rejected in

---

**6.** In *Harrison, supra* note [2], 245 A.2d at 643, the plaintiff was claiming that the sight of the cockroach made him sick, not that the beverage was contaminated and that the beverage itself made him sick.

**7.** Also contrary to appellee's argument on appeal, a recent decision by the United States Court of Appeals for the District of Columbia Circuit cites *Harrison v. Canada Dry Corp., supra* note [2], but notes that *Williams v. Baker* overruled *Harrison v. Canada Dry Corp.* and *Gilper v. Kiamesha Concord, supra* note [2], insofar as those cases required that emotional distress be caused by physical injury. *Williams*

*v. U.S. Elevator Corp., supra,* 287 U.S.App.D.C. at 228–29, 920 F.2d at 1022–23.

**8.** In *Williams v. Baker,* the en banc court first analyzed the law concerning recovery for directly caused emotional harm, and then considered the application of those principles to plaintiffs emotionally injured by harm done to close relatives. *Id.* at 1064, 1069.

**9.** *See, e.g., Gilper v. Kiamesha Concord, Inc., supra* note [2], 302 A.2d at 745 ("rule in the District of Columbia is that there can be no recovery for negligently caused mental disturbance or emotional distress ... which is not

*Williams v. Baker, supra,* 572 A.2d at 1067. Consequently, it would be ironic if, after *Williams v. Baker,* a plaintiff could recover for injuries caused by observing injuries to a third person but could not recover in the absence of a direct physical impact for injuries caused to the plaintiff herself as a result of the defendant's negligence. *Cf. District of Columbia v. McNeill,* 613 A.2d 940, 943 (D.C.1992) (recovery for physical and emotional injuries caused by negligent mismanagement of pregnancy since plaintiff "is 'physically endangered' as a result of the defendant's negligence").

Appellee also notes that the en banc court in *Williams v. Baker* declined to comment on circumstances in which a plaintiff does not show physical injury caused by emotional distress. *See Williams v. Baker, supra,* 572 A.2d at 1067. However, the court has subsequently stated that a plaintiff may recover in the absence of a physical injury if the emotional harm is "serious" and "verifiable." *Jones v. Howard University, Inc., supra,* 589 A.2d at 424. Mrs. Sowell has alleged physical injury in the form of an esophageal tear, and, hence, as she argued in the trial court, concern about feigned or trivial claims is not present. *See Jones v. Howard University, Inc., supra,* 589 A.2d at 424 (citations omitted).

To the extent that *Williams v. Baker, supra,* is confined to situations in which

someone is physically endangered, *cf. Cauman v. George Washington University,* No. 91–CV–710, slip. op. at 7–8 (Jan. 29, 1993) (in absence of claim that defendant's conduct injured anyone or physically endangered plaintiff, trial court properly dismissed complaint for failure to state a claim upon which relief could be granted), summary judgment was still inappropriate. While appellee does not appear to take issue with the legal analysis that would apply under a *Williams v. Baker* analysis, it is clear that Mrs. Sowell was in the zone of physical danger.[10] Viewing, as we must, all inferences in the light most favorable to the non-moving party, *see* note 4, *supra,* the record shows that Mrs. Sowell was bringing the worm towards her mouth, had already eaten most of her lunch, and was afraid that the rice had contained other worms which she had already eaten without noticing them, and further, that she might become ill and even aggravate her previous stomach surgery. Eating contaminated food is evidence of physical endangerment. *See Gilper v. Kiamesha Concord, Inc., supra* note 2, 302 A.2d at 745; *Campbell v. Safeway Stores, Inc., supra* note 2, 149 A.2d at 422. The District of Columbia's Food and Food Operations regulations recognize and are designed to protect against the possibility of physical endangerment by reason of adverse effect on one's health from consumption of contaminated food.[11] Fear of contaminated food

traceable to a substantial physical injury"); *Harrison v. Canada Dry Corp., supra* note [2], 245 A.2d at 642–43 (D.C.1968) (no recovery for psychological reaction to sight of cockroaches in grapefruit beverage partially consumed because "[i]t has long been the rule in the District of Columbia that there can be no recovery for negligently caused mental disturbance or emotional distress ... which is not traceable to a substantial physical injury") (citation omitted); *Hamilton v. Pepsi Cola Bottling Co. of Washington, supra* note [2], 132 A.2d at 503 (referring to rule in this jurisdiction that there is no "right to compensation for mere mental disturbance or anguish caused by a negligent act, unless such mental suffering arises from a physical injury caused by the negligent act"); *see also Wingfield v. Peoples Drug Store, Inc.,* 379 A.2d 685, 688 (D.C.1977) (failure to show causal link between negligence in filling prescription for medication and mental suffering).

10. Contrary to appellee's assertion, application of the zone of danger rule to the instant facts does not mean that everyone sitting at the table with Mrs. Sowell would have a claim for damages. Although this issue is not before us, it seems clear that unless others at the table had eaten the contaminated food or were in probable danger of eating the contaminated food, *e.g.,* where they were partaking of the same menu item, they would have no reason to fear for their personal safety. It seems extremely unlikely that seeing a bug in a companion's food would cause another person sitting at the table to suffer physical injury or serious and verifiable emotional distress.

11. The purpose of the regulations on the control and licensing of food and food operations is "to protect the public health by establishing safeguards for the control of food and the prevention of public or private consumption of un-

hitting one's stomach is, like fear of being hit by a truck, a fear for one's physical safety. Thus, after *Williams v. Baker, supra,* the Sowells could sue to recover not only for injuries as a result of the contaminated rice consumed by Mrs. Sowell but also for injuries arising from her reaction to the worm she saw in the rice, because seeing the worm caused Mrs. Sowell to fear that she had eaten contaminated food, which was a fear for her physical safety. *Contra Harrison v. Canada Dry Corporation, supra* note 2, 245 A.2d at 643; *Hamilton v. Pepsi Cola Bottling Co., supra* note 2, 132 A.2d 500. The seriousness of the harm feared is, of course, a matter to be addressed in evaluating damages and is not the court's function on summary judgment, where a non-moving party need only show that there is a dispute as to material facts or that the moving party is not entitled to judgment as a matter of law.

Accordingly, we reverse the grant of summary judgment to appellee, and remand the case to the trial court for further proceedings on all counts.

wholesome, adulterated, or otherwise unfit food." 23(B) DCMR § 2000.1 (1990). *See id.* §§ 2100.1 (prohibiting the sale of food unfit for consumption); 2100.3 (requiring that food found to be unfit for consumption be either destroyed or used in a manner that will not endanger the public health); 2103 (requirements for inspection and certification of certain foods); 3004 (sanitary requirements for restaurants); 3010 (wholesomeness of food requirements for restaurants); 3012 (requirements that restaurant premises be kept free of rats and vermin). Other sections require food products to be kept free of vermin, insects, and other contaminants. *See* §§ 2101.1 (food must be "protected from deleterious aerosol, dust, handling, overhead leakage, vermin, and any other means of contamination"); 3011.3 (certain containers must have tight-fitting tops to protect food from "dust, dirt, insects, and other contamination"); 3004.7 ("where flies are prevalent, unless other means are provided to prevent their access, all openings into the outer air shall be effectively screened, and doors shall be self-closing"); 3011.1 (food and drink must be "stored and displayed so as to be protected from dust, rodents, flies, vermin, handling, droplet infection, overhead leakage, and other contamination").